J-S33012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRICK DAVID COLEMAN | : | |
| | : | |
| Appellant | : | No. 2984 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 19, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001470-2019

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 21, 2020**

Appellant, Darrick David Coleman, appeals from the Judgment of Sentence entered after his non-jury conviction of one count of Driving Under the Influence of Alcohol or Controlled Substance ("DUI").[1] He challenges the sufficiency of the evidence supporting his conviction. We affirm.

At 10:00 p.m. on November 23, 2018, Officer Jonathan Stewart was conducting speed enforcement patrol on the Route 30 Bypass in Chester County approximately 13 miles from the Valley Forge Casino. After Appellant drove past Officer Stewart at 79 miles per hour ("mph") in a 55 mph zone, Officer Stewart initiated a traffic stop and approached the vehicle from the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(2).

passenger's side.[2]  Appellant rolled down the window, and Officer Stewart smelled a strong odor of burnt marijuana coming from inside the vehicle and alcohol on Appellant's breath.  Appellant admitted that he had had a beer at the Valley Forge Casino and had smoked marijuana before getting into his car to head home.  Appellant then reached into the vehicle's ashtray and tossed a burnt marijuana cigarette, or "roach," out the window, which another responding police officer recovered.

Appellant performed field sobriety tests ("FSTs") at Officer Stewart's behest, the results of which indicated some signs of impairment. Specifically, Appellant failed to follow directions, stepped off the line during the walk and turn test, and failed to hold the one-legged stance more than 10 seconds.[3] Based on Appellant's driving 24 miles over the speed limit, his admission of having smoked marijuana, the strong odor of marijuana and alcohol in the vehicle and on Appellant's breath, the tossed "roach," and the results of the field sobriety tests, Officer Stewart concluded that Appellant was incapable of safely operating his vehicle.  After Appellant's arrest, the police officers transported him to the police station and, in response to form questions,

_____

[2] The police vehicle dashboard camera recorded the entire episode.

[3] Officer Stewart testified that he did not consider Appellant's failure to hold the one-legged stance for more than 10 seconds to indicate an impairment because the officer had not given Appellant instructions to hold the position until he said to stop.  *Id*. at 27.

Appellant said he was not injured and not in any pain. The Commonwealth charged him with Speeding, Possession-Marijuana, and five DUI violations.[4]

The court held Appellant's non-jury trial on August 22, 2019, at which Officer Stewart testified that he had been a police officer for 20 years, had attended numerous classes on marijuana drug interdiction, conducted at least 500 arrests for marijuana possession, and through his training and experience, could discern by smell whether marijuana was fresh or burnt. He testified in detail regarding the events noted above that led to Appellant's DUI arrest. The court admitted the discarded "roach" into evidence.

Officer Stewart further testified that he was an experienced standardized FST practitioner and instructor and able to conclude after Appellant's performance that he was not capable of safe driving. Officer Stewart testified that Appellant had told him after he stepped off the line on the walk and pivot test that he had injured his right ankle. Officer Stewart also stated that Appellant stood on his left foot to perform the one-legged stand for 10 seconds and that Appellant did not appear to be in pain, and that Appellant was not wearing a medical boot or using a cane at the time of the stop.[5] In addition, the Commonwealth played the police dashboard camera

---

[4] The Commonwealth ultimately withdrew the Speeding charge and two DUI charges. *See* N.T. Trial, 8/22/19, at 3, 12-13.

[5] At trial, Appellant wore a medical boot on his right ankle and walked with a cane. Appellant's attorney attempted to discredit Officer Stewart by asking about Appellant's alleged injury and implying that Officer Stewart should not have performed an FST because of the alleged injury. *See* N.T. at 34-37.

("Dashcam") recording for the court while Officer Stewart narrated and responded to questions. The court admitted the Dashcam video into evidence. The Commonwealth presented no laboratory test results.

The trial court found Appellant guilty of one count of DUI, 75 Pa.C.S. § 3802(d)(2).[6] On September 19, 2019, the court sentenced him to a term of 14 days' to 6 months' incarceration.

Appellant timely appealed. He filed an ordered Pa.R.A.P. 1925(b) Statement and the court filed a Rule 1925(a) Opinion.

Appellant raises the following issues for our consideration:

1. The Commonwealth presented insufficient evidence to convict Appellant under 75 Pa.C.S. § 3802(d)(2) because it failed to prove Appellant was under the influence of drugs or a combination of drugs.

2. The Commonwealth presented insufficient evidence to convict Appellant under 75 Pa.C.S. § 3802(d)(2) because it failed to prove Appellant was incapable of safely driving a motor vehicle due to be [sic] under the influence of a drug or a combination of drugs.

Appellant's Brief at 4 (suggested answers omitted).

Both of Appellant's issues challenge the sufficiency of the evidence underlying his conviction. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light

---

[6] The court found Appellant not guilty of Possession-Marijuana and the remaining DUI charges.

most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (citation and internal quotation marks omitted).

"Further a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Id.*** "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Section 3802(d)(2) provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle" when "[t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(d)(2). "This section does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." ***Commonwealth v. Tarrach***, 42 A.3d 342, 345 (Pa. Super. 2012). Expert testimony is not required to support a guilty verdict. ***Id***.

> In explaining its verdict, the court stated:
>
> Based on the record, it is clear that the Commonwealth presented ample testimony and evidence from which the trial judge, acting as trier of fact, could find that every element of the crime of DUI was established beyond a reasonable doubt. Even though

appellant tried to claim that the FSTs were inconclusive due to a leg injury and that there was no evidence as to what time appellant smoked, the trial judge found Officer Stewart's testimony credible and determined that appellant's claim that his leg injury affected the FSTs was not credible. Further, Officer Stewart's testimony sufficiently established that appellant smoked shortly before getting into his vehicle. It was within the trial judge's province to do so. Accordingly, the court finds that the evidence introduced at trial was sufficient as a matter of law to support the guilty verdict and, therefore, appellant is not entitled to relief on this basis.

Trial Ct. Opinion, dated 1/17/20, at 4.

Appellant argues that Officer Stewart's testimony—regarding Appellant's performance on the FSTs, his observation of Appellant's speeding, the odor of marijuana in Appellant's car, Appellant's admission that he had used marijuana, the tossed "roach," and the odor of alcohol on Appellant's breath—does not support the court's conclusion "that [A]ppellant was under the influence of a drug or combination of drugs to a degree which impaired his ability to safely drive, operate or be in actual physical control of the movement of the vehicle." Appellant's Br. at 11. Comparing his case to others, Appellant notes that the Commonwealth did not admit blood or other drug test results, results from testing the "marijuana cigarette," testimony linking Appellant's bloodshot eyes as a symptom of marijuana usage, or testimony that Appellant was driving dangerously or recklessly, other than speeding. *Id*. at 12-14. Appellant further notes that he did not cause an accident and did not demonstrate erratic driving, and because Officer Stewart administered a test other than a drug-specific field test, the evidence relied on by the trial court "is too speculative to sustain a conviction[.]" *Id*. at 16.

Appellant asks this Court to vacate his conviction based on evidence that was **not** presented at his trial. Our standard of review, however, requires that we consider the evidence that **was** presented at trial, in the light most favorable to the Commonwealth as the verdict winner. Our review supports the court's verdict.

The court, sitting as fact-finder, found credible testimony establishing that Appellant drove 24 miles over the speed limit, admitted that he drank a beer and smoked marijuana before getting in his car, had blood-shot eyes, and smelled of marijuana and alcohol. *See* N.T., at 5, 9, 17, 24, 37. Officer Stewart testified about Appellant's apparent consciousness of guilt, manifested by his tossing the "roach" out of the car as he was stopped on the side of the road. *Id*. at 10. Officer Stewart also testified about Appellant's failing to perform the walk and turn FST without losing his balance and stepping off the line, failing to follow directions, and standing on his left foot for only 10 seconds. *Id*. at 25-27, 39. The court found that the Dashcam video corroborated Officer Stewart's testimony about the FSTs, and noted that Appellant's tossing of the "roach" demonstrated consciousness of guilt. *Id*. at 46, 48.

Viewing the totality of the evidence in the light most favorable to the Commonwealth, we conclude the Commonwealth presented sufficient evidence to support the court's verdict that Appellant was not capable of driving safely due to his admitted use of marijuana and alcohol. This Court

may not reweigh the evidence. Accordingly, Appellant's sufficiency challenge warrants no relief.

Judgment affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2020